## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                       )
**JEFFREY COPLIN,**           )
                       )
    **Petitioner,**        )
                       )    **Civil Action No.**
     **v.**              )    **15-13126-FDS**
                       )
**JORDAN HOLLINGSWORTH,**  )
                       )
    **Respondent.**      )
_____)

### MEMORANDUM AND ORDER

**SAYLOR, J.**

On August 10, 2015, petitioner Jeffrey Coplin, a prisoner in custody at FCI Fort Dix in

Fort Dix, New Jersey, filed a self-prepared petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 against Jordan Hollingsworth, the Warden of FCI Fort Dix.  Incorporated into the

petition were several documents submitted to the United States District Court for the District of

New Jersey in connection with a § 2241 habeas request filed in that Court on March 6, 2015,

asserting virtually identical habeas claims as in this action.  *See Coplin v. Zickefoose, Warden,*

*FCI Fort Dix*, Civil Action No. 15-10674-RBK (D.N.J.).[1]  He also submitted documents

---

[1] The PACER docket indicates that on March 25, 2015, Coplin's application to proceed *in forma pauperis* filed in *Coplin v. Zickefoose, Warden, FCI Fort Dix*, Civil Action No. 15-10674-RBK. was denied and the action was administratively terminated.  *See* Memorandum and Order (Docket No. 5).  On May 14, 2015, Coplin paid the $5.00 filing fee.  On June 16, 2015, a consolidated Memorandum and Order (Docket No. 10) entered in both *Coplin v. Zickefoose*, Civil Action No. 1:13-06923-RBK-AMD and *Coplin v. Hollingsworth*, Civil Action No. 1:15-10674-RBK directing that both cases be reopened in view of the payment of the filing fee.  The Court also noted that on May 19, 2015, Coplin filed a letter in Civil Action No. 13-6923, a civil rights complaint.  That action was administratively terminated because Coplin failed to pay the $400 filing fee or submit an application to proceed *in forma pauperis*.  The Clerk was directed to file the letter in the habeas action since it related to his habeas proceedings.

concerning his administrative grievances and responses to his grievances.  Coplin alleges that this Court has jurisdiction because the District Court in New Jersey is "inadequate and ineffective" to test the legality of his detention.  Pet. (Docket No. 1 at ¶ 3).

In his Massachusetts petition, Coplin does not challenge the validity of his underlying conviction and/or sentence on drug charges; rather, he challenges the refusal of the Federal Bureau of Prisons ("BOP") to transfer him to a camp facility.  He also alleges that "vindictive" prison staff refused camp placement while permitting other, less eligible, prisoners to be transferred.  He further alleges that the refusal to transfer him was based on retaliation for filing grievances and because of racial discrimination.

Coplin further alleges that the "Third Circuit . . . or someone" has "intentionally convoluted" his complaints.  *Id.* at ¶ 2.

Coplin did not pay the $5.00 filing fee nor did he file a motion for leave to proceed *in forma pauperis*.  He requested, however, that this Court direct the federal court in New Jersey to forward the $5.00 filing fee because he mistakenly sent two five-dollar money orders to that court.

**Discussion**

**A.**     **Screening of the Petition**

The Court may review the petition to determine whether the respondent should be required to reply.  *See* 28 U.S.C. § 2243.  Rule 4 of the Rules Governing Section 2254 Proceedings (applicable to both § 2254 petitions and § 2241 petitions at the Court's discretion).  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that federal district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an

unnecessary answer or return).

For the reasons set forth below, this Court will dismiss the petition *sua sponte*.

**B.**     **Lack of Jurisdiction**

Coplin's habeas claims are not properly brought in the District of Massachusetts.  He has

alleged that he has an "inadequate or ineffective remedy" in New Jersey in an apparent effort to

establish the jurisdiction of this Court over a § 2241 petition.  That standard, however, is not

applicable here.  The savings clause set forth in § 2255 of Title 28 provides that, in very limited

circumstances, a prisoner may seek relief *from a conviction or sentence* through a petition for a

writ of habeas corpus under 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2255(e) (application for a writ of

habeas corpus by a prisoner who is authorized to apply for relief under § 2255 shall not be

entertained unless "it also appears that the remedy by motion [under § 2255] is inadequate or

ineffective to test the legality of his detention").[2]

As noted above, Coplin is not challenging the validity of his conviction or sentence.  He

is challenging the "execution" of his sentence.  That type of challenge falls squarely under 28

U.S.C. § 2241; however, it is well-settled that a § 2241 petition must be brought in the

jurisdiction in which the prisoner is confined.  *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542

U.S. 426, 442, 447 (2004) ("District courts are limited to granting habeas relief 'within their

respective jurisdictions.'") *quoting* 28 U.S.C. § 2241(a)).  "Whenever a § 2241 habeas petitioner

---

[2]Section 2255 specifically provides for "remedies on motion attacking sentence."  28 U.S.C. § 2255.
Section 2255(a) provides for a motion -- to be filed with the Court that imposed a sentence  -- to vacate, set aside, or
correct the sentence.  28 U.S.C. § 2255(a).  Notably, Coplin asserted, unsuccessfully, the savings clause of § 2255 in
connection with a § 2241 habeas petition previously filed with this Court.  *See Coplin v. United States*, Civil Action
No. 06-40123-RWZ.  In that petition, Coplin challenged his November 5, 2001 conviction in the Eastern District of
Pennsylvania to four counts of distribution of cocaine, for which he received a 240 month sentence (the sentence he
currently is serving).  See Memorandum and Order (Docket No. 2, entered June 29, 2006).  Coplin claimed that he
was unable to obtain relief in the Third Circuit.

seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Padilla*, 542 U.S. at 447.  Unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.  As the proper respondent to Coplin's habeas petition is located in Fort Dix, New Jersey, this Court lacks jurisdiction to preside over this action.

### C. Dismissal Rather than Transfer Is Appropriate

The Court could, in its discretion, transfer Coplin's petition to the District of New Jersey. "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . ." 28 U.S.C. § 1631.  However, because Coplin has filed similar habeas petitions in New Jersey, which appear to have recently been reopened, transfer of this action is inappropriate.

### D. The Filing Fee

A petitioner filing a § 2241 habeas petition must either pay the $5.00 filing fee for habeas corpus actions, or file an application to proceed without prepayment of fees.  *See* 28 U.S.C. § 1914(a) (filing fees); § 1915 (proceedings *in forma pauperis*).  As noted, Coplin did not pay the fee but has requested this Court seek the $5.00 fee directly from the court in New Jersey, as he mistakenly sent two checks in that amount to that court.

Coplin's request will be denied.  It is his responsibility to arrange for the proper payment of the filing fee, and not this Court's.  There is no good cause for this Court to expend scarce judicial resources to act as a collection agent for Coplin for overpayment.  In any event, although the failure to pay the filing fee would serve as a grounds for dismissal, in view of the *sua sponte*

dismissal for lack of jurisdiction, no further action is necessary.

**Conclusion**

For the foregoing reasons,

1.      This petition is DISMISSED *sua sponte* for lack of jurisdiction;

2.      Petitioner's request for this Court to collect the $5.00 filing fee directly from the federal court in New Jersey is DENIED; and

3.      The clerk is directed to send a courtesy copy of this Memorandum and Order to United States District Judge Robert B. Kugler in the United States District Court for the District of New Jersey (Camden) in connection with *Coplin v. Zickefoose*, Civil Action No. 1:13-06923-RBK-AMD and *Coplin v. Hollingsworth*, Civil Action No. 1:15-10674-RBK.

**So Ordered.**


/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:   August 19, 2015